THE STATE OF OHIO, APPELLEE, *v.* BAUER, APPELLANT.

[Cite as State v. Bauer (1975), 44 Ohio App. 2d 37.]

(No. CA 74-04-0031—Decided April 14, 1975.)

*Mr. John F. Holcomb* and *Mr. Gerald L. Pater,* for appellee.

*Mr. Matthew J. Crehan,* for appellant.

*Per Curiam.* This is an appeal from a judgment of the Hamilton County Municipal Court finding defendant guilty of violating R. C. 4507.38, driving while under suspension.

The facts are agreed to by the parties—that the suspension resulted as a result of a conviction of defendant for a traffic offense for which the court suspended his driving privileges for one year. The defendant testified that he inquired at the Bureau of Motor Vehicles, drivers license division, in Hamilton, Ohio, about a driver's license to go to and from work. He testified that they gave him an address where to write and that in response to his inquiry he received a letter from the Bureau of Motor Vehicles in Columbus, Ohio, dated February 26, 1974, which reads as follows:

''This is in reply to your letter of recent date, concerning your drivers license.

''We have checked our records and find that your suspension of driving privilages (sic) has terminated or run its course.

"In order for you to obtain a valid drivers license you will have to go to the nearest Highway Patrol Examining Station and submit to a pre-examination. If you pass the pre-examination, the remainder of the procedure will be outlined to you by the Examiner or Deputy Registrar.

*"If and when you apply, should a suspension be found a new drivers license will not be issued."* (Emphasis added.)

Defendant applied for a driver's license and was issued a permit to take the drivers examination. Defendant passed the test and was issued a temporary driver's license on March 18, 1974. On March 22, 1974, defendant was stopped by the police and issued a summons for driving under suspension.

At the trial, the following was stipulated to by the parties: "[At the time of the offense defendant] was observed driving on Eaton Avenue. His license had been suspended by the Hamilton Municipal Court from September 30, 1973 until September 20, 1974."

The defendant testified concerning his inquiries to the Bureau of Motor Vehicles and the letter from the Bureau of Motor Vehicles in Columbus, Ohio, dated February 26, 1974. He also testified that he passed the drivers test, and that he thought the suspension was only for six months. Defendant's first assignment of error asserts: "The court erred in not granting defendant's motion for a judgment of acquittal at the termination of all the evidence."

At the outset, we find in the record no motion for acquittal at the end of the evidence. However, overlooking this defect in defendant's case, we find no merit in defendant's argument that the state is estopped from prosecuting the defendant for driving while under suspension. There can be no estoppel running against the enforcement of an order of a court suspending the driving rights of a defendant for erroneous information given him by the Bureau of Motor Vehicles concerning the status of his driving rights. The court had suspended defendant's driving rights and the Bureau of Motor Vehicles had no power to restore such rights. That power is vested only in the court. There can

be no theory of estoppel running against an order of the court under the facts set forth. In addition, the last sentence of the February 26th letter from the Bureau of Motor Vehicles should have alerted the defendant against relying upon the previous information in the letter. Defendant should have known his driving rights were suspended for one year. Inasmuch as the facts necessary to establish a prima facie case for conviction had been stipulated, the court was entitled to make a finding of guilty upon such stipulation. The first assignment of error is overruled.

Defendant's second assignment of error alleges: "The court erred in considering prior connections [sic convictions?] of the appellant in determining his guilt or lack of guilt of the violation for which he was being tried."

The record indicates that prior to the finding of guilty by the court, the court inquired into defendant's prior convictions. While such matters could possibly have been asked of the defendant upon cross-examination and certainly *after* a finding of guilt by the court, the court would have a *duty* to make such an inquiry into prior convictions. However, for the court to have made an inquiry before a finding of guilt was clearly error. The question, however, is whether such error was prejudicial to defendant. In this case, we find that inasmuch as the defendant had admitted. in the stipulation, all the facts necessary for a conviction, this error was not prejudicial. We, therefore, overrule the second assignment of error and affirm the judgment of the Hamilton Municipal Court.

*Judgment affirmed.*

COOK, P. J., STRAUSBAUGH and BUZZARD, JJ., concur.

COOK, P. J., of the Eleventh Appellate District and STRAUSBAUGH, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.

BUZZARD, J., of the Court of Common Pleas of Columbiana County, retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting by assignment in the First Appellate District.